EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

LORETTA SHEEHAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-mail:  loretta.sheehan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 01 2003

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>        )<br>        Plaintiff,   )<br>        )<br>    vs.   )<br>        )<br>RICHARD KAIRAU,       (01) )<br>CHRISTIAN SANCHEZ,    (02) )<br>and          )<br>CHAD NAKASONE,        (03) )<br>        Defendants.   )<br>_____) | CR. NO. **CR03 00481 HG**<br><br>INDICTMENT<br><br>[21 U.S.C. §§ 846,<br>841(a), 841(b)(1)(A);<br>18 U.S.C. §§ 1956(a)<br>(1)(A)(i), 1956(a)(1)<br>(B)(i), 982] |

INDICTMENT

COUNT 1

The Grand Jury charges:

From a date unknown, but at least by on or about October 2001, to and including December 4, 2002, in the District of Hawaii and elsewhere, the defendants, RICHARD KAIRAU, CHRISTIAN SANCHEZ, and CHAD NAKASONE, did conspire together and with Leslie Gentry, Duane Udo, Ashbell Park, Eric Huerta, Robert Griffin, not named as defendants herein, and with others known

and unknown, to knowingly and intentionally distribute and to possess with the intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, and cocaine, both Schedule II controlled substances.

## WAYS AND MEANS OF CONSPIRACY

1. Leslie Gentry, located in Arizona, accepts orders for methamphetamine and cocaine from Duane Udo and Ashbell Park, not charged as defendants herein, for delivery to Hawaii.

2. Leslie Gentry relays the orders for methamphetamine and cocaine to Eric Huerta and Robert Grifin, located in California.

3. Eric Huerta and Robert Griffin ship, via air courier services, distribution quantities of methamphetamine and cocaine to Duane Udo and Ashbell Park, or their designates, not charged as defendants herein.

4. CHRISTIAN SANCHEZ assists Robert Griffin, not charged as a defendant herein, in packaging and mailing quantities of methamphetamine and cocaine to Hawaii.

5. Duane Udo and/or Ashbell Park confirm anticipated and completed deliveries of cocaine and methamphetamine with Leslie Gentry via telephone, or via messages through electronic mail and designates.

6. Duane Udo and/or Ashbell Park redistributes methamphetamine and cocaine to sub-distributors.

7. RICHARD KAIRAU and CHRISTIAN SANCHEZ carry drug proceeds from Duane Udo and/or Ashbell Park in Honolulu, Hawaii to Robert Griffin and Eric Huerta in Los Angeles, California.

8. CHRISTIAN SANCHEZ and CHAD NAKASONE allow drug proceeds to be deposited in their respective bank accounts for the purpose of hiding the source of the funds.

9. CHRISTIAN SANCHEZ provides drug proceeds which have been placed into his bank account via wire transfer to Eric Huerta.

10. CHAD NAKASONE provides drug proceeds which have been placed into his bank account via wire transfer to Eric Huerta.

11. The defendants use cellular and land line telephones, pagers, voice mail messaging systems, and electronic mail to communicate.

OVERT ACTS

1. On or about March 6, 2002, CHRISTIAN SANCHEZ delivered approximately $5,900.00 in drug proceeds to Eric Huerta, not charged as a defendant herein.

2. On or about March 13, 2002, CHRISTIAN SANCHEZ delivered approximately $8,980.00 in drug proceeds to Eric Huerta, not charged as a defendant herein.

3. On April 12, 2002, CHRISTIAN SANCHEZ flew to Hawaii with Robert Griffin.

4.  On April 14, 2002, CHRISTIAN SANCHEZ assisted Robert Griffin in renting an apartment at 1508 Dominis Street, Honolulu, Hawaii.

5.  On April 14, 2002, CHRISTIAN SANCHEZ flew to California.

6.  On or about May 1, 2002, RICHARD KAIRAU sent, via Western Union wire transfer, $5,000.00 in drug proceeds to Leslie Gentry, not charged as a defendant herein.

7.  On or about May 11, 2002, RICHARD KAIRAU sent, via Western Union wire transfer, $4,300.00 in drug proceeds to Leslie Gentry, not charged as a defendant herein.

8.  On or about May 16, 2002, RICHARD KAIRAU sent, via Western Union wire transfer, $1,500.00 in drug proceeds to Leslie Gentry, not charged as a defendant herein.

9.  On or about May 24, 2002, CHAD NAKASONE delivered approximately $4,300.00 in drug proceeds to Eric Huerta.

10. On or about May 24, 2002, RICHARD KAIRAU flew from Honolulu, Hawaii, to Los Angeles, California.

11. On or about May 24, 2002, RICHARD KAIRAU flew from Los Angeles, California to Honolulu, Hawaii.

12. On or about May 27, 2002, RICHARD KAIRAU flew from Los Angeles, California to Honolulu, Hawaii.

13. On or about June 1, 2002, CHRISTIAN SANCHEZ accepted $3,500.00 in drug proceeds sent via Western Union wire transfer.

14. On or about June 3, 2002, RICHARD KAIRAU sent, via Western Union wire transfer, $1,000.00 in drug proceeds to Leslie Gentry, not charged as a defendant herein.

15. On June 7, 2002, CHRISTIAN SANCHEZ flew from Los Angeles, California to Honolulu, Hawaii.

16. On June 8, 2002, CHRISTIAN SANCHEZ flew from Honolulu, Hawaii to Los Angeles, California.

17. On June 21, 2002, CHRISTIAN SANCHEZ flew from Los Angeles, California to Honolulu, Hawaii.

18. On or about July 12, 2002, RICHARD KAIRAU sent, via Western Union wire transfer, $2,100.00 in drug proceeds to Leslie Gentry, not charged as a defendant herein.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A).

### COUNT 2

The Grand Jury further charges:

On or about March 4, 2002 to and including March 6, 2002, in the District of Hawaii and elsewhere, CHRISTIAN SANCHEZ knowingly conducted a financial transaction affecting interstate commerce, to wit, delivering $5,900.00 which had been deposited into his account at Bank of America, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 3

The Grand Jury further charges:

In committing the offense listed in Count 2 of the Indictment, CHRISTIAN SANCHEZ shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 2, including but not limited to $5,900.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

   (4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(B)(i).

## COUNT 4

The Grand Jury further charges:

On or about March 12, 2002 to and including March 13, 2002, in the District of Hawaii and elsewhere, CHRISTIAN SANCHEZ knowingly conducted a financial transaction affecting interstate commerce, to wit, delivering $8,980.00 which had been deposited into his account at Bank of America, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 5

The Grand Jury further charges:

In committing the offense listed in Count 4 of the Indictment, CHRISTIAN SANCHEZ shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 4, including but not limited to $8,980.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(B)(i).

COUNT 6

The Grand Jury further charges:

On or about June 1, 2002, in the District of Hawaii and elsewhere, CHRISTIAN SANCHEZ knowingly conducted a financial transaction affecting interstate commerce, to wit, accepting $3,500.00 which had been sent via Western Union wire transfer, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership,

or the control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

COUNT 7

The Grand Jury further charges:

In committing the offense listed in Count 6 of the Indictment, CHRISTIAN SANCHEZ shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 6, including but not limited to $3,500.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture

of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(B)(i).

## COUNT 8

The Grand Jury further charges:

On or about May 18, 2002 to and including May 24, 2002, in the District of Hawaii and elsewhere, CHAD NAKASONE knowingly conducted a financial transaction affecting interstate commerce, to wit, delivering $4,300.00 which had been deposited into his account at Bank of America, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 9

The Grand Jury further charges:

In committing the offense listed in Count 8 of the Indictment, CHAD NAKASONE shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 8, including but not limited to $4,300.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(B)(i).

COUNT 10

The Grand Jury further charges:

On or about May 1, 2002, in the District of Hawaii and elsewhere, RICHARD KAIRAU knowingly conducted a financial transaction affecting interstate commerce, to wit, transferring $5,000.00 via Western Union wire transfer, which involved the proceeds of a specified unlawful activity, i.e. the distribution

of methamphetamine and cocaine, with the intent to promote the carrying on of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 11

The Grand Jury further charges:

In committing the offense listed in Count 10 of the Indictment, RICHARD KAIRAU shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 10, including but not limited to $5,000.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture

of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(A)(i).

## COUNT 12

The Grand Jury further charges:

On or about May 11, 2002, in the District of Hawaii and elsewhere, RICHARD KAIRAU knowingly conducted a financial transaction affecting interstate commerce, to wit, transferring $4,300.00 via Western Union wire transfer, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, with the intent to promote the carrying on of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 13

The Grand Jury further charges:

In committing the offense listed in Count 12 of the Indictment, RICHARD KAIRAU shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 12, including but not limited to $4,300.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

  It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

  All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(A)(i).

<u>COUNT 14</u>

  The Grand Jury further charges:

  On or about June 3, 2002, in the District of Hawaii and elsewhere, RICHARD KAIRAU knowingly conducted a financial transaction affecting interstate commerce, to wit, transferring $1,000.00 via Western Union wire transfer, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, with the intent to promote the carrying on of the specified unlawful activity.

  All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

COUNT 15

The Grand Jury further charges:

In committing the offense listed in Count 14 of the Indictment, RICHARD KAIRAU shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 14, including but not limited to $1,000.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(A)(i).

## COUNT 16

The Grand Jury further charges:

On or about July 12, 2002, in the District of Hawaii and elsewhere, RICHARD KAIRAU knowingly conducted a financial transaction affecting interstate commerce, to wit, transferring $2,100.00 via Western Union wire transfer, which involved the proceeds of a specified unlawful activity, i.e. the distribution of methamphetamine and cocaine, with the intent to promote the carrying on of the specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 17

The Grand Jury further charges:

In committing the offense listed in Count 16 of the Indictment, RICHARD KAIRAU shall forfeit to the United States any and all property which was involved or was traceable to the offense alleged in Count 16, including but not limited to $2,100.00 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (1) cannot be located upon the exercise of due diligence;

   (2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value, or has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 982(a)(1) and 1956(a)(1)(A)(i).

DATED: __Oct. 1__, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

_____
LORETTA SHEEHAN
Assistant U.S. Attorney

UNITED STATES vs. RICHARD KAIRAU, ET AL.
Cr. No.
"Indictment"

17